United States District Court
Southern District of Texas

**ENTERED**

November 16, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. 2:06-CR-780-1 |
| | § | (CV. No. 2:16-CV-216) |
| GEORGE CONSTANTE, III, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

George Constante, III filed a motion to vacate, set aside or correct judgment pursuant to 28 U.S.C. § 2255 challenging his sentence based upon *Johnson v. United States*, 136 S.Ct. 2551 (2015). D.E. 81. The Court has reviewed the motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2016) (2255 Rules). The Court dismisses Constante's § 2255 motion for the reasons stated herein and also denies a Certificate of Appealability.

## PROCEDURAL HISTORY

Constante was originally sentenced to 180 months imprisonment after his guilty plea to felon in possession of a firearm and his status as an armed career criminal pursuant to 18 U.S.C. § 924. His status was based upon predicate offenses that included Texas burglaries, Texas arson, and Texas aggravated robbery. D.E. 36, ¶ 26. As an armed career criminal, his minimum sentence was 180 months imprisonment. *See* 18 U.S.C. § 924(e)(1).

On appeal Constante successfully challenged the use of his previous burglary convictions as predicate offenses. The Fifth Circuit Court of Appeals found the burglary offenses (charged under § 30.02(a)(3)) were not violent felonies and vacated his sentence in 2008. *United States v. Constante*, 544 F.3d 584 (5th Cir. 2008).

On resentencing, an amended PSR was filed in which the three burglaries and arson of the same property that occurred over the course of a day did not score as criminal history. His guideline sentencing range for felon in possession of a stolen firearm and a criminal history category of IV (based upon convictions for debit card abuse and aggravated robbery, along with committing the present crime while on probation for aggravated robbery) was 77 to 96 months imprisonment. D.E. 72. On December 23, 2008, the Court sentenced Constante to 120 months imprisonment, the statutory maximum, to be served concurrently with his state sentence. D.E. 77. The Court departed upwardly from the guidelines on the grounds that his criminal history score underrepresented his criminal history as evidenced by his crime spree burglarizing and then setting fire to property. D.E. 78. Constante did not appeal.

## ANALYSIS

Constante's present motion was filed over seven years after his amended judgment became final and is untimely pursuant to 28 U.S.C. § 2255(f)(1), unless an exception applies. Constante's motion mentions that it is filed pursuant to *United States v. Johnson*, 135 S.Ct. 2551 (2015). The motion is timely if *Johnson* applies. *See* 28 U.S.C. § 2255(f)(3).

*Johnson* invalidated a portion of the definition of violent felony in 18 U.S.C. §

924(e). Constante was not sentenced, by the amended judgment, as an armed career

criminal so that *Johnson* does not apply and does not extend limitations. Constante's

motion is both untimely and without merit.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas

corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."

28 U.S.C. § 2253 (c)(1)(A). Although Constante has not yet filed a notice of appeal, the

§ 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the

denial of a constitutional right."   28 U.S.C. § 2253(c)(2). "The COA determination

under § 2253(c) requires an overview of the claims in the habeas petition and a general

assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he

petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S.

473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable

jurists could debate whether the motion should have been resolved differently, or that the

issues presented deserved encouragement to proceed further. *United States v. Jones*, 287

F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

3

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Constante is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

### CONCLUSION

Constante's motion (D.E. 81) to vacate, set-aside or correct sentence is DISMISSED and he is also DENIED a certificate of appealability.

It is so ORDERED this 4th day of November 2016.

_Hayden Head_

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE

4